UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Gurbhajan Singh, | ) |
| Plaintiff, | ) |
| | ) No. _____ |
| vs. | ) |
| | ) Jury Demand |
| Meharry Medical College, | ) |
| (Meharry School of Dentistry), | ) |
| Defendant. | ) |

# COMPLAINT

Comes now the Plaintiff, Dr. Gurbhajan Singh (hereinafter "Plaintiff"), by and through undersigned counsel, Mr. Bob Lynch, Jr., and sets forth his claims for relief as follows:

## I. Introduction:

Plaintiff is seeking relief against Defendant Meharry Medical College and its School of Dentistry (hereinafter "Meharry" or "Defendant"), pursuant to the Equal Pay Act of 1963, as amended; 29 U.S.C. § 206(d)(1) and the Tennessee Human Rights Act, T.C.A § 4-21-101 *et. seq.*

## II. Jurisdiction and Parties:

1. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This court has venue pursuant to 28 U.S.C. § 1391.

2. At all times material herein, Plaintiff was employed by the Defendant as a Periodontist. Plaintiff's sex/gender is male. Plaintiff is also of Eastern-Indian national origin and of the Sikh religious belief.

3. Meharry Medical College and its School of Dentistry is a Tennessee non-profit corporation with its principal office located at 1005 D. B. Todd Blvd, Nashville,

1

Tennessee 37208. Its registered agent is Benjamin Rawlins, Esq., located at the same address. It employs over 15 employees.

4. At all times material herein, the Plaintiff alleges that the doctrine of *respondeat superior* applies to the acts and omissions of Meharry's employees as alleged herein.

### III. Short and Concise Statement of the Facts:

5. On August 1, 2007, Meharry hired the Plaintiff as the Chairperson of the Department of Periodontics at the Meharry Medical College, School of Dentistry.

6. At all times material herein, the Plaintiff fully performed his duties and responsibilities as Chairperson, and as an employee of Meharry.

7. During March of 2011, Meharry hired Dr. Janet Southerland as the new Dean of the Meharry School of Dentistry. Dr. Janet Southerland's sex/gender is female. Upon information and belief, Dean Southerland is an African-American and is not of the Sikh religious belief.

8. Soon after the arrival of Dean Southerland, she began hiring female professionals at a much higher salary than the Plaintiff or other male faculty members at Meharry School of Dentistry.

9. Soon after the arrival of Dean Southerland, she began hiring female professionals into positions lesser than that of a chairperson and lesser qualified but yet these female professionals were paid more than the Plaintiff, the Chairperson of the Meharry School of Dentistry.

10. The Plaintiff complained to the vice-dean and at least one of the associate deans multiple times regarding this disparity in pay. No action was taken on his complaints.

2

Plaintiff alleges that his complaints to Meharry officials constitutes protected activity within the meaning of 29 U.S.C. § 206(d)(1) and T.C.A § 4-21-101 *et. seq.*

11. Beginning in December 2011, Ms. Regina Nicholson, the staff dental hygienist in the Periodontist Department resigned. Pursuant to Meharry policy, Plaintiff sought to replace Ms. Nicholson by placing an advertisement at Meharry's employment website, whereupon he received back 4-5 very qualified applicants. However, before he was able to interview these applicants, he was informed by the Dean's office that he could not replace that position due to a lack of funds. It is essential that periodontics clinics utilize a dental hygienist and Plaintiff made this point to the Dean's office without success. The Dean's denial of this critical employee to the Periodontics Department was not consistent with the use of auxiliary professionals in the other departments at Meharry's School of Dentistry.

12. Beginning in approximately March of 2012, when, during the course of Plaintiff's relationship with Dean Southerland in connection with his attempts to save his department, she became extremely hostile toward him thereby creating a hostile work environment that continues to this day.

13. On July 2, 2012, Plaintiff was informed by the Dean's office that his department was being abolished, his chairmanship was being abolished and his pay of $124,677 was being reduced to $114,677. Plaintiff alleges that his demotion as Chairman of the Department of Periodontics, his reduction of salary and his requirement to report to another department chairman constitutes discrimination based on his national origin, religion, sex (gender) and retaliation.

3

14. After Plaintiff's department chairmanship was eliminated, he discovered for the first time that Meharry was violating the Equal Pay Act by paying similarly-situated females for the same work at a much higher salary. In addition, Plaintiff discovered that Meharry was paying less-qualified female faculty, who were not chairpersons of any departments, much more than he was receiving as Chairperson of the Meharry School of Dentistry.

15. The Plaintiff's demotion and unequal pay was not the result of any seniority system; merit system; a system which measures earnings by quantity or quality of production; and/or a differential based on any other factor other than sex.

16. Plaintiff alleges that he has been a victim of disparate treatment because similarly-situated females were treated differently than he with respect to the terms and conditions of his employment. Plaintiff alleges that this disparate treatment constitutes discrimination against him based on his sex/gender, national origin, religion and retaliation.

17. Plaintiff alleges that discreet acts and events alleged herein constitute acts of discrimination under his state claim, which are and were based on sex/gender, national origin, religion and retaliation.

18. Plaintiff alleges that the similarly-situated Meharry employees who were treated more favorably than he because of sex/gender, national origin, religion and retaliation are not members of his protected class.

## IV. Causes of Action:

Based on the above statement of facts, Plaintiff asserts that he has the following causes of action as follows:

19. Plaintiff alleges that Meharry has violated the Equal Pay Act of 1963 because it has discriminated between employees on the basis of sex and/or gender because it pays different wages to employees of opposite sexes for equal work on jobs the performance of which require equal skill, effort and responsibility, and which are performed under similar working conditions.

20. Plaintiff also alleges that he has been the object of discrimination based on his sex, national original, religion and retaliation, including an exposure to a hostile work environment. On October 25, 2012, Plaintiff filed his charge of discrimination with the EEOC. (*Said charge is attached hereto as Exhibit A.*) Plaintiff hereby adopts those facts as set forth in his official EEOC charge of discrimination in this complaint.

21. Plaintiff intends to amend his complaint with respect to these discrimination claims after he exhausts his administrative remedies before the EEOC. The Plaintiff alleges that the same facts that support his EEOC charge of discrimination also violate the Tennessee Human Rights Act, T.C.A § 4-21-101 *et. seq.* Plaintiff alleges that this state claim is pendant to his federal claim.

**WHEREFORE**, the Plaintiff prays for the following relief:

1. With respect to Plaintiff's Equal Pay Act claim:

5

a. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the disparity in his pay;

   b. Liquidated damages because the Defendant's acts were willful;

   c. Attorney's fees and costs;

   d. Prejudgment interest;

   e. All equitable and general relief to which Plaintiff is entitled; and

   f. A jury of six (6) to hear this cause.

2. With respect to Plaintiff's state claim of discrimination:

   a. Compensatory damages for embarrassment and humiliation in an amount to be determined by the jury and/or $500,000;

   b. Back pay and the present value of any lost employment benefits;

   c. Front pay, or, if not practical, equitable relief to make Plaintiff whole;

   d. Attorney's fees and costs;

   e. Prejudgment interest;

   f. All equitable and general relief to which Plaintiff is entitled; and

   g. A jury of six (6) to hear this cause.

Respectfully Submitted,

_____
**Bob Lynch, Jr. (BPR #6292)**
222 Second Avenue North, Suite 316
Nashville, TN 37201
(615) 255-2888
(615) 256-5737 *facsimile*
*Attorney for Plaintiff*